**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 20, 2019.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-51357-cag |
| | § | |
| PAULETTE J. BARIBEAU, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER CONVERTING THIS CASE TO A CHAPTER 7 (ECF NO. 55)**

Came on for consideration Debtor's Motion for Reconsideration of Order Converting This Case to a Chapter 7 (ECF No. 55) ("Motion for Reconsideration"). The chapter 7 trustee ("Trustee") filed Trustee's Response to the Debtor's Motion for Reconsideration of Order Converting This Case to a Chapter 7 (ECF No. 72) ("Trustee's Response"). Hill Country Partners, LP ("Hill Country") filed its Objection to Debtor's Motion for Reconsideration of Order Converting This Case to a Chapter 7 (ECF No. 74) ("Hill Country's Objection"). The Court took the matter under advisement without the necessity of a hearing. For the reasons stated herein, the Court finds that the Motion for Reconsideration is denied.

1

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 28 U.S.C. §§ 157(a) and (b). This matter is defined as a core proceeding under 28 U.S.C. § 157(b)(2)(A) because it concerns administration of the estate. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is referred to the Court under the District Court's Order of Reference.

## BACKGROUND

Paulette J. Baribeau ("Debtor") filed a petition for relief under chapter 11 on June 3, 2019 ("Petition Date"). On June 14, 2019, Hill Country filed Hill Country's Motion to Convert Case to Case Under Chapter 7, or, Alternatively, to Dismiss Case ("Motion to Convert") and Request for Sanctions (ECF No. 10). The Court held an expedited hearing on the Motion to Convert on June 24, 2019 (the "Hearing"). At the Hearing, the Court issued an oral ruling converting Debtor's case from a case under chapter 11 to a case under chapter 7 and denying Hill Country's request for sanctions.

## STANDARD OF REVIEW

Debtor brings her Motion for Reconsideration under FED. R. CIV. P. 59 ("Rule 59"), which is made applicable to bankruptcy cases under FED. R. BANKR. P. 9023. Pursuant to Rule 59, a party may file a motion "to alter or amend a judgment" no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(E). "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

To prevail on a motion to alter or amend, the movant has the burden of establishing one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence

not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and internal quotations omitted). In the Fifth Circuit, "relief under Federal Rule 59(e) is an 'extraordinary remedy that should be used sparingly.'" *In re Hence*, 358 B.R. 294, 308 (Bankr. S.D. Tex. 2006) (quoting *Templet*, 367 F.3d at 479)). A trial court has "considerable discretion" in deciding a motion to alter or amend and "the trial court must strike the proper balance between . . . (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

## DEBTOR'S CONTENTIONS AND COURT'S ANALYSIS

### A. Change of Events Since Conversion of the Case

Debtor's Motion for Reconsideration provides a recitation of events that have happened in this case since it was converted from chapter 11 to chapter 7, and explains why Debtor avers that these changes in circumstances should cause the Court to reconsider its decision to convert the case. First, Debtor explains that since the case was converted, Trustee entered into a settlement agreement with one of Debtor's creditors, Hill Country, that reduced Hill Country's judgment[1] against Debtor from approximately $1.5 million to $1 million in exchange for Debtor dismissing its appeal[2] against Hill Country (the "Hill Country Settlement"). Debtor argues that conversion is

---

[1] Pre-petition, Hill Country filed a lawsuit against Debtor in the 285th Judicial District Court, Bexar County styled *Hill Country Partners, LP v. Paulette Baribeau*, Case No. 2016-CI-08378 (the "State Court Lawsuit"). In the State Court Lawsuit, the 285th Judicial District Court entered a judgment (the "Hill Country Judgment") against Debtor and in favor of Hill Country on March 2, 2018.

[2] Debtor appealed the State Court Judgment to the Fourth Court of Appeals (the "Appeal") before filing the captioned bankruptcy proceeding.

3

improper because now that Trustee has entered into the Hill Country Settlement, Trustee could dismiss Debtor's appeal of the Hill Country Judgment and liquidate Debtor's non-exempt assets to satisfy Debtor's creditors, including Hill Country, before the appellate court provides a disposition on the appeal of the State Court Judgment.

As discussed at the hearing on the Motion to Dismiss, Debtor admits that she appealed the Hill Country Judgment without posting a supersedeas bond. Debtor testified that she earned $2,500 per month working at her husband's ophthalmology practice, and that she received Social Security income of $2,700 per month. Debtor was using those funds, along with contributions from her husband, to pay her secured creditors. Still, Debtor did not testify that she was paying Hill Country. After considering the evidence and testimony provided at the Hearing, the Court determined that the purpose of Debtor's chapter 11 case "was not to pay Hill Country, but to allow the Appeal to go forward" and to await the appellate court's decision on the Hill Country Judgment. (Hearing on Motion to Convert, Audio 4:03:59–4:04:08, June 24, 2019). Debtor has not provided any newly discovered evidence that indicates an ability or course of action to pay Hill Country.

The Court acknowledged that converting the case could result in Trustee settling the Hill Country Judgment, and indeed, Trustee entered into the Hill Country Settlement shortly after this case was converted. (ECF No. 61). It was well within Trustee's province to enter into the Hill Country Settlement.[3] *In re Tarrant*, 349 B.R. 870, 873 (Bankr. N.D. Ala. 2006) ("The law is quite

---

3 Similarly, Debtor's Motion for Reconsideration disagrees with Trustee's appointment of an accountant and realtor, arguing that employment of professionals in chapter 7 adds an additional layer of expense that would not necessarily have been required if the case remained in chapter 11. Again, the Court finds that conversion of the case grants Trustee the ability to "employ . . . professional persons . . . [to] assist the trustee in carrying out the trustee's duties," including Trustee's duty to "collect and reduce to money property of the estate for which trustee serves." 11 U.S.C. §§ 327(a), 704(a)(1) (West 2019). Any objection that Debtor may have to the Hill Country Settlement and Trustee's appointment of professionals should be addressed through filing a response to the relevant pleading.

clear that if a debtor has filed a lawsuit, . . . after the debtor files a Chapter 7 case, that lawsuit, or whatever rights the debtor had in that lawsuit, belongs to the debtor's Chapter 7 bankruptcy estate."). Moreover, after Debtor filed the Motion for Reconsideration, Debtor filed her Supplement to Motion for Reconsideration (ECF No. 56) ("Supplement"). The Supplement informed the Court that the Fourth Circuit Court of Appeals issued its judgment ("Appeal Judgment") on July 10, 2019 affirming the Hill Country Judgment. The issuance of the Appeal Judgment nullifies Debtor's concerns about Trustee settling the Hill Country Appeal before the appellate court issues a decision. Therefore, the Court finds that the Debtor's recitation of change of events since the conversion of this case does not serve as newly available evidence under Rule 59(e) that would persuade the Court to reconsider its decision to convert Debtor's case from chapter 7 to chapter 11.

### B. Debtor's Ability to Confirm a Plan of Reorganization

Next, Debtor asserts that 11 U.S.C. § 1112(b)(2)[4] provides that the Court may not convert a case to chapter 7 if the debtor can establish that there is reasonable likelihood that a plan will be confirmed within a reasonable time and if the acts of "cause" under § 1112(b)(4) can be cured. Debtor also alleges that she would be able to confirm a chapter 11 plan of reorganization, regardless of an objection by Hill Country or any other unsecured creditor that would pose an issue under the absolute priority rule,[5] because her net disposable income from her salary and Social

---

[4] All section references hereinafter refer to 11 U.S.C. *et seq* unless otherwise noted.
[5] The absolute priority rule is codified at § 1129(b)(2)(B)(ii) which provides, "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest of any property . . . ." 11 U.S.C. § 1129(b)(2)(B)(ii). "The absolute priority rule, distilled to its basic components, requires that senior claims be paid in full before any junior class can receive or retain property." ***In re Mortg. Inv. Co. of El Paso, Tex.***, 111 B.R. 604, 617 (Bankr. W.D. Tex. 1990).

Security benefits over five years, along with "new value" [6] contributions from her husband, would allow her to confirm a plan under § 1129(a)(15). The Court rejects Debtor's arguments.

Pursuant to § 1112(b)(1), a party in interest may file a motion to dismiss or convert a chapter 11 case that the Court may grant "for cause." The Code does not define "cause," but § 1112(b)(4) provides a non-exhaustive list of examples of "cause" that would support dismissal or conversion. When determining "cause," the Court must also consider the totality of the circumstances. ***Matter of T-H New Orleans, L.P.***, 116 F.3d 790, 802 (5th Cir. 1997). Once the movant demonstrates that there is cause for conversion or dismissal under § 1112(b)(4), then conversion or dismissal is mandatory *unless* Debtor can meet its burden to establish the exception to conversion or dismissal provided in § 1112(b)(2). Section 1112(b)(2) of the Code requires Debtor to satisfy two prongs. *Id*. First, Debtor must "specifically identify unusual circumstances[7] establishing that converting or dismissing the case is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2). Second, Debtor must prove *all* of the following:

> (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate under § 1112(b)(4)(A); (3) there is reasonable justification or excuse for a debtor's act or omission; and (4) the act or omission will be cured within a reasonable time.

***In re Delta AF Grp., LLC***, 596 B.R. at 197 (citing 11 U.S.C. 1112 §§ (b)(2)(A)–(B)).

---

[6] The "new value corollary" to the absolute priority rule is the proposition that "the objection of an impaired senior class does not bar junior claim holders from receiving or retaining property interests in the debtor after reorganization, if they contribute new capital in money or money's worth, reasonably equivalent to the property's value, and necessary for successful reorganization of the restructured enterprise." ***Bank of America Nat'l Tr. and Sav. Ass'n v. 203 N. LaSalle St. P'ship.***, 526 U.S. 434, 435 (1999).

[7] The Code does not define "unusual circumstances," but the phrase "contemplates conditions that are not common in most chapter 11 cases." ***In re Delta AG Grp., LLC.***, 596 B.R. 186, 196 (Bankr. W.D. La. 2019).

Debtor's recitation of § 1112(b)(2) in the Motion for Reconsideration omits an important component of the statute, which is that Debtor must specifically identify "unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors or the estate." 11 U.S.C. § 1112(b)(2). At the hearing on the Motion to Convert, Debtor failed to argue that there were "unusual circumstances" in Debtor's case that would persuade the Court to decide against conversion. It is well-known that Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment was issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). As such, Debtor cannot use the Motion for Reconsideration as a second bite at the apple to argue that that there are "unusual circumstances" that result in her case being subject to the exception to conversion in § 1112(b)(2).

Moreover, the Court determined at the Hearing that the "cause" for converting Debtor's case from chapter 7 to chapter 11 was due to "substantial continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" under § 1112(b)(4)(A). The plain language of § 1112(b)(2)(B) requires a Debtor to establish that "the grounds for converting . . . the case include an act or omission of the debtor *other than under [§ 1112(b)(4)(A)]*." 11 U.S.C. § 1112(b)(2)(B) (emphasis added). The Court converted the case for cause under §1112(b)(4)(A). Therefore, as a matter of law, Debtor cannot prevail on her argument that the exception provided in § 1112(b)(2) prevented the Court from converting her case to chapter 11.

The Court has also reviewed Debtor's argument that the Court should reconsider its decision to convert this case because Debtor could have formulated a confirmable plan of reorganization under § 1129(a)(15), regardless of potential objections by unsecured creditors that could have posed a barrier to confirmation under the absolute priority rule of § 1129(b)(2)(B).

7

Debtor provided testimony at the Hearing that her sources of income included her pay from working at her husband's ophthalmology practice, Social Security income, and receipt of money from her husband for payment of secured creditors on an as-needed basis. Debtor had negative income as shown on Schedule J. (ECF No. 15). The Motion for Reconsideration does not provide any newly discovered evidence or additional evidence beyond what was presented at trial that demonstrates Debtor's ability to formulate a confirmable plan. Furthermore, the issue of whether Debtor would be able to propose a chapter 11 plan that satisfies the absolute priority rule is not before the Court at this time.[8] As such, the Court will not grant the Motion for Reconsideration on these grounds.

### C. Whether Conversion Was in the Best Interest of Creditors

Debtor argues that the Court should not have converted this case because filing two chapter 11 bankruptcy cases within a year is not *per se* bad faith. Debtor also argues that good faith is not a statutory requirement for filing a chapter 11 petition, and that it is an unsettled issue as to whether lack of good faith (or bad faith) may constitute "cause" to dismiss a chapter 11 petition under § 1112(b)(1). Finally, Debtor contends that the Court should find that under § 1112(b)(1), conversion of this case was not in the best interest of creditors.

In its ruling on the Motion to Convert, the Court acknowledged that filing two chapter 11 cases within a year does not render the second filing a *per se* bad faith filing, citing ***Elmwood Dev. Co. v. Gen. Elec. Pension Tr. (In re Elmwood Dev. Co.)***, 964 F.2d 508, 511 (5th Cir. 1992). The

---

[8] At its ruling on the Motion to Convert, the Court briefly mentioned its concern about Debtor being able to confirm a plan of reorganization over Hill Country's objections due to considerations under the absolute priority rule. The Court, however, did not premise its ruling on this concern. Rather, the Court's ruling provided multiple reasons for its decision to convert Debtor's case, tracking the factors discussed in ***Little Creek Dev. Co. v. Commonwealth Mortg. Co. (In re Little Creek)***, 779 F.2d 1068 (5th Cir. 1985).

Court's decision to convert the case was not based solely on the fact that this case is Debtor's second bankruptcy filing. Rather, the Court considered the totality of the evidence and argument provided at the Hearing. Specifically, the Court used the factors set out in the Fifth Circuit case *In re Little Creek* to conduct an "on-the-spot evaluation of debtor's financial conditions [and] motives." *In re Little Creek*, 779 F.2d at 1072.

Additionally, Debtor's Motion for Reconsideration does not provide any additional evidence demonstrating why conversion of the case was not in the best interest of creditors, nor does Debtor argue that there is a "need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d at 629. Debtor reiterated her argument that she made at the Hearing, which is that conversion of the case only benefits one creditor–Hill Country. The Court respectfully disagrees. The Hill Country Settlement, which was entered into under Trustee's powers after this case was converted, resulted in a reduction of Hill Country's claim against Debtor's estate by approximately $400,000. (ECF No. 61, pp. 7). Reduction of Hill Country's claim for a judgment that has ultimately been upheld by the Fourth Circuit Court of Appeals is a positive outcome for creditors. Moreover, as stated above, the Court addressed all of the factors discussed in *In re Little Creek* and weighed the totality of the circumstances when it decided to convert the case. The best interest of creditors is one factor, among many, that the Court considered when it decided to convert this case. Ultimately, the Court's decision to convert this case was "based on a conglomerate of factors rather than any single datum." *In re Little Creek*, 779 F.2d at 1072. As such, the Court shall not grant the Motion to Reconsider on the grounds that conversion of this case was not in the best interest of creditors.

**D. Whether Conversion Was Not in the Best Interest of This Case**

Debtor's final argument provides a factual outline comparing how the case will proceed in chapter 7 under the control of Trustee in contrast to how the case was proceeding in chapter 11 under the control of Debtor as debtor-in-possession. The Court finds Debtor's outline of facts to be unconvincing because the facts raised in the Motion to Reconsider are the same facts that Debtor provided at trial. Rule 59(e) motions must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d at 1159. Because Debtor does not argue there was an error of fact at trial, nor that there is newly discovered evidence in her case, the Court rejects the argument that conversion was not in the best interest of this case.

#### CONCLUSION

For the reasons stated above, the Court finds that Debtor's Motion for Reconsideration of Order Converting This Case to Chapter 7 (ECF No. 55) is denied.

IT IS THEREFORE ORDERED that the Debtor's Motion for Reconsideration of Order Converting This Case to Chapter 7 (ECF No. 55) is DENIED.

# # #